IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABDUS SHAHID, :
: CIVIL ACTION NO. 22-1015
v. :
:
MARK POSSENTI *et al.* :
:

**McHUGH, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**May 25, 2022**

**MEMORANDUM**

　　Defendants Mark Possenti and Darby Borough move to dismiss the Complaint against them filed by Plaintiff Abdus Shahid, acting *pro se*, alleging civil rights violations. Plaintiff contends that the Defendants discriminated against him on the basis of his Bangladeshi origin, by engaging in an elaborate and sustained conspiracy to deprive him of the use of a commercial property he owned. Plaintiff's Complaint recounts an extreme, outlandish, and highly implausible conspiracy against him and fails to link that conspiracy to any discriminatory animus on the part of Defendants, aside from Plaintiff's rote and unsupported allegation that it was "due to plaintiff's race and nation of origin." Because Plaintiff fails to allege plausible facts according to which relief can be granted, I will grant Defendants' motion and dismiss the Complaint.

**I.　　Background[1]**

　　Plaintiff in his Complaint alleges that he has owned a 55,000 square foot warehouse at 850 Summit Street in the Darby Borough that contains space for at least ten rentable commercial units since 2006. Compl. ¶ 2, ECF 1. In the Complaint, Plaintiff alleges that from October 2021 until

---

[1] The facts here are taken both from Plaintiff's Complaint, ECF 1, and from his Response to the Motion to Dismiss, ECF 7. Plaintiff's Complaint only includes 11 numbered paragraphs and appears to cut off in the middle of ¶ 11. His Response features 19 pages of argument. I note that the response does not allege any facts that are relevant to the basis on which I am deciding the motion today. At most the response provides details that flesh out the basic allegations. To the extent that the response alleges new facts, they are only potentially relevant to the dispute regarding municipal liability under § 1983. Even as to that cause of action, the additional facts discussed would not be sufficient to sustain a claim.

March 2022, Possenti, acting pursuant to his authority as manager of Darby Borough, utilized the police to extort rent from the tenant of unit #10.  Compl. ¶ 4.  Plaintiff also alleges similar conduct that occurred "before" the post-October 2021 conduct.  Compl. ¶¶ 6-11.  This is fleshed out further in the Response to refer to a period beginning in January 2014.  Resp. ¶¶ 3-4.  This prior conduct purportedly included both efforts to remove the tenants without using proper eviction procedures, Compl. ¶ 8, and efforts to collect all the rent from these tenants for himself and deprive Plaintiff of those rents, Compl. ¶¶ 4, 6, 9.  Plaintiff contends that Possenti first evicted the tenants and then, a short time later, reinstalled the tenants upon their acceptance of Possenti's extortion.  Compl. ¶ 8; Resp. ¶ 12.  Plaintiff also alleges that Plaintiff himself tried to evict the tenants through legal eviction procedures, but that Possenti intervened in the eviction action in order to maintain his racket.  Compl. ¶¶ 10-11.  Plaintiff summarily alleges once in the Complaint and over 70 times in the 19-page Response, that Possenti and Darby Borough acted "due to plaintiff's race and nation of origin."  Compl. ¶ 1; Resp. *passim*.

In deciding a motion to dismiss, I may also take judicial notice of public records including court filings.  That is relevant here where Plaintiff appears to be a serial litigant who, over the past decade, has sued Defendants numerous times in both federal district court and Pennsylvania state court for conduct that appears to be similar if not identical to the conduct complained of here.  It is also relevant given that in at least two of those cases, state courts have sanctioned Plaintiff and prohibited his filing of additional claims without court approval. And, further, it is relevant where Defendants have argued abstention under the *Younger* doctrine, given a pending municipal code enforcement proceeding related to a host of on-going violations at Plaintiff's property.

The court filings here that I am taking notice of include the following:

- *Shahid v. Borough of Darby*, No. 11-2772 (E.D. Pa. Apr. 26, 2011) – Complaint alleged that between 2006 and 2011, the Borough denied permits to Shahid's business tenants at

850 Summit for discriminatory reasons in violation of § 1983.  The case proceeded to a bench trial where the court found that Shahid was not a credible witness, that the Borough issued a number of citations to Shahid for violations of local ordinances related to the property which were the basis for convictions by local magistrates, and that neither the Borough nor its agents, including Possenti, expressed any discriminatory language or acted in a discriminatory way towards Shahid with respect to enforcing the Borough's ordinances or making other decisions with respect to the 850 Summit property. *Shahid v. Borough of Darby*, No. 11-CV-2772, 2013 WL 5278214 (E.D. Pa. Sept. 19, 2013), *aff'd,* 560 F. App'x 152 (3d Cir. 2014), *cert. denied*, 574 U.S. 1061 (2014) (mem.).

- *Shahid v. Borough of Darby*, No. 15-533 (E.D. Pa. Feb. 4, 2015) – Complaint alleged that the Borough denied permits to Shahid's business tenants at 850 Summit except for a tenant who agreed to set fire to the premises, and other tenants that the Borough instructed to intentionally damage the premises for discriminatory reasons in violation of § 1983.  The court dismissed the action for failing to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), where Shahid failed to identify any discriminatory conduct on the part of the municipality, whose condemnation of the property logically followed a large fire on the premises.  *Shahid v. Borough of Darby*, No.15-CV-533, 2016 WL 9185135 (E.D. Pa. May 2, 2016), *aff'd,* 666 F. App'x 221 (3d Cir. 2016).

- *Shahid v. Borough of Darby, et al.*, CV-2016-007405 (Pa. Ct. Comm. Pls., Del. Cty. Aug. 25, 2016) – Complaint alleged that Possenti and Borough denied permits to Shahid's business tenants at 850 Summit except for a tenant who agreed to set fire to the premises, instructed the water utility to stop service, and instructed the electricity utility to stop service. Preliminary objections which argued improper service, sovereign immunity, and *res judicata* (referring to *supra* 2016 WL 9185135) were sustained after Shahid failed to oppose.

- *Shahid v. Borough of Darby, et al.*, CV-2017-002196 (Pa. Ct. Comm. Pls., Del. Cty. Mar. 3, 2017) – Complaint alleged that Possenti and Borough denied permits to Shahid's business tenants at 850 Summit based on false claims that the property had fire damage. The court sustained preliminary objections based on sovereign immunity and lack of specificity.

- *Shahid v. Borough of Darby*, CV-2017-010797 (Pa. Ct. Comm. Pls., Del. Cty. Dec. 28, 2017) – Complaint alleged that Possenti and the Borough posted a condemnation notice and denied Shahid the ability to continue renting the property at 850 Summit for discriminatory reasons. The court sustained preliminary objections based on sovereign immunity.

- *Shahid v. Aqua Pennsylvania Inc., et al.*, CV-2018-008444 (Pa. Ct. Comm. Pls., Del. Cty. Oct. 25, 2018) – Complaint alleged that Possenti, the Borough, and the water utility conspired to shutoff water to 850 Summit for discriminatory reasons.  The court sustained preliminary objections based on sovereign immunity as to Possenti and the Borough and for lack of specificity as to the water utility.

- *Shahid v. Borough of Darby, et al.*, CV-2018-008846 (Pa. Ct. Comm. Pls., Del. Cty. Oct. 25, 2018) – Complaint alleged that Possenti denied permits for Shahid's business tenants at 850 Summit and also encouraged them to damage the property for discriminatory reasons. The court sustained preliminary objections based on sovereign immunity.

- *Shahid v. Borough of Darby*, CV-2019-003155 (Pa. Ct. Comm. Pls., Del. Cty. Apr. 9, 2019) – Complaint alleged that Possenti intentionally damaged doors and walls in the 850 Summit property while conducting an inspection and then prevented Shahid from renting the property for discriminatory reasons. The court sustained preliminary objections based on sovereign immunity.

- *Shahid v. Aqua Pennsylvania Inc. et al.*, CV-2019-005562 (Pa. Ct. Comm. Pls., Del. Cty. July 2, 2019) – Complaint alleged that manager of water utility was racist and shutoff water to the 850 Summit property for discriminatory reasons. The court sustained preliminary objections pursuant to Rule 233.1, Pa. R. Civ. P., for frivolous and repetitive litigation.

- *Shahid v. Possenti*, CV-2020-005478 (Pa. Ct. Comm. Pls., Del. Cty. Aug. 24, 2020) – Complaint alleged that Possenti illegally instructed the water utility to shut off service to the 850 Summit property in January 2015. The court sustained preliminary objections pursuant to Rule 233.1, Pa. R. Civ. P., for frivolous and repetitive litigation, and Judge Eckel barred Shahid from filing additional related *pro se* litigation against the defendants. Order of Feb. 18, 2022.

- *Shahid v. Possenti, et al.*, CV-2020-005683 (Pa. Ct. Comm. Pls., Del. Cty. Aug. 31, 2020) – Complaint alleged that Possenti and the Borough mayor locked out tenants of the 850 Summit property for discriminatory reasons. The court sustained preliminary objections pursuant to Rule 233.1, Pa. R. Civ. P., for frivolous and repetitive litigation, and Judge Dozor barred Shahid from filing additional related *pro se* litigation against the defendants. Order of March 26, 2021.

- *Shahid v. PECO*, CV-2020-008079 (Pa. Ct. Comm. Pls., Del. Cty. Nov. 20, 2020) – Complaint alleged that PECO shut off electricity to 850 Summit property in August 2020 without proper notice and for discriminatory reasons. The court sustained preliminary objections for want of subject matter jurisdiction.

- *Shahid v. Possenti, et al.*, CV-2021-001952 (Pa. Ct. Comm. Pls., Del. Cty. Feb. 24, 2021) – Complaint alleged that Possenti and another Borough employee instructed PECO to shut off electricity at the 850 Summit property, valued at $5 million, and instructed police to remove 40 tenants and threaten 80 potential tenants for discriminatory reasons. Preliminary objections have been filed.

- *Shahid v. Delaware County Board of Assessment, et al.*, CV-2021-004625 (Pa. Ct. Comm. Pls., Del. Cty. May 21, 2021) – Appeal of tax assessment that alleges that the 850 Summit property was assessed at $925,930 in 2021 but has an actual value of $195,660. Case is pending.

- *Shahid v. Holsten Associates, P.C., et al.*, CV-2021-008018 (Pa. Ct. Comm. Pls., Del. Cty. Sept. 23, 2021) – Complaint alleged that Borough of Darby's attorneys were involved in conspiracy with Common Pleas Court to discard Shahid's filings in his various suits in order to obtain defaults for discriminatory reasons. Case is pending.

- *Shahid v. TD Bank*, CV-2021-008020 (Pa. Ct. Comm. Pls., Del. Cty. Sept. 23, 2021) – Complaint alleged that TD Bank joined in a conspiracy with the Borough of Darby to remove tenants in order to force Shahid into foreclosure for discriminatory reasons. The case was removed to the present Court and then remanded after a determining that removal was untimely. Order, ECF 12, *Shahid v. TD Bank*, No. 22-cv-45 (E.D. Pa. Feb. 15, 2022). Case is pending.

- *Shahid v. Borough of Darby, et al.*, CV-2021-008022 (Pa. Ct. Comm. Pls., Del. Cty. Sept. 23, 2021) – Complaint alleged that Borough and Possenti evicted a tenant and limited Shahid to renting only one third of the property for discriminatory reasons. The court sustained preliminary objections pursuant to Rule 233.1, Pa. R. Civ. P., for frivolous and repetitive litigation, and Judge Dozor found Shahid in violation of order that prohibited Shahid from filing additional related *pro se* litigation against the defendants. Order of Apr. 26, 2022.

- *Commonwealth of Pennsylvania v. Shahid*, Docket Nos. 852–878/2020 (Pa. Mag. Dist. Ct., Del. Cty. Aug. 19, 2020) – Enforcement proceeding concerning 26 open citations for violations of Borough of Darby ordinances related to the 850 Summit property. *See* Ex. F to Def. Br., ECF 6. Shahid's Answer in that proceeding alleges that the citations are false and were fabricated by Possenti for discriminatory reasons. *See* Ex. E to Def. Br.

- *Shahid v. Delaware County Board of Assessment*, CV-2021-010316 (Pa. Ct. Comm. Pls., Del. Cty. Dec. 20, 2021) – Complaint alleged that the Board, Possenti and others conspired to raise Shahid's tax assessments. Preliminary objections have been filed.

II.  **Legal Standard**

The well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) governs motions to dismiss under Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) dismissal, I must accept as true all well-pled factual allegations in the complaint and view the allegations of the complaint in the light most favorable to the plaintiff. *Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007). A complaint need not present "detailed factual allegations" to survive a motion to dismiss. But it must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "state a claim to

relief that is plausible on its face." *Id.* at 570. As the Supreme Court explained in *Ashcroft v. Iqbal*, a plaintiff may state a plausible claim by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In reviewing this motion, I may consider "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (cleaned up).

### III. Discussion

#### A. Failure to State a Claim against Possenti

"In a § 1983 action, 'the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" *Anspach*, 503 F.3d at 260 (quoting *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir.2000)). "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination. They must demonstrate that they received different treatment from that received by other individuals similarly situated." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014) (cleaned up).

Plaintiff Abdus Shahid here has alleged a far-fetched conspiracy involving the Borough of Darby and its manager, Mark Possenti, contending that Possenti used his authority as Borough manager to extort rent from Shahid's commercial tenants "due to plaintiff's race and national origin." Compl. ¶ 4. These allegations are highly similar to allegations made in seventeen other cases filed by Shahid over the past decade against the Borough, Possenti, other Borough agents

6

and employees, and utility companies, and all appear to stem from the Borough's enforcement of local property ordinances and restrictions on occupancy imposed when violations of those ordinances were not corrected.

First, although Plaintiff alleges that he was unconstitutionally discriminated against on the basis of his race and national origin, having originally immigrated to the United States from Bangladesh 31 years ago, Plaintiff's allegations as to the Defendants' discriminatory intent are mere bald assertions and "sweeping legal conclusions cast in the form of factual allegations." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). Even reading the Complaint in the light most favorable to the Plaintiff, Plaintiff provides no factual support for these allegations and nothing in Plaintiff's complaint gives rise to any inference that the Defendants purposefully discriminated against Plaintiff.[2]

---

[2] The two prior cases alleging § 1983 violations based on Shahid's race and national origin that were filed in the Eastern District of Pennsylvania and were based on similar allegations also found a lack of discrimination. In the first, Shahid's case went all the way to a bench trial where his testimony was found incredible and his allegations of discrimination found to be entirely unsupported by the evidentiary record. *Shahid v. Borough of Darby*, No. 11-CV-2772, 2013 WL 5278214 (E.D. Pa. Sept. 19, 2013), *aff'd*, 560 F. App'x 152 (3d Cir. 2014), *cert. denied*, 574 U.S. 1061 (2014) (mem.). The second case was decided on the motion to dismiss for reasons similar to those that ground my decision here:

> Shahid has failed to set forth any constitutional deprivation. He does not name a single Borough official, employee or representative who took any discriminatory action against him. On the contrary, the actions he describes are typical functions of government and he has not identified forth any policy or custom of the Borough that promotes discrimination. … The fact that he is a member of one or more protected class is not sufficient to state a claim of discrimination without some causal connection to the actions taken by the Borough. As set forth in the complaint and amended complaint, his problems began with a fire and the subsequent condemnation of his property. It is only Shahid's belief that he was discriminated against and that, without more, is insufficient to state a claim.

*Shahid v. Borough of Darby*, No. 15-CV-533, 2016 WL 9185135, at *3 (E.D. Pa. May 2, 2016). A panel of the Third Circuit affirmed the decision *per curiam*, noting that "Shahid, however, has not alleged anything about these circumstances that raises any inference of discrimination. These allegations aside, Shahid's allegations of discrimination are entirely conclusory, and conclusory allegations are not sufficient to survive a motion to dismiss." *Shahid v. Borough of Darby*, 666 F. App'x 221, 223 (3d Cir. 2016).

7

Second, the factual allegations that adverse actions were taken against him for discriminatory reasons are belied by public records that show ongoing local ordinance violations that would defeat any inference of disparate treatment. *See* 5C Fed. Prac. & Proc. Civ. § 1363 (3d ed.) ("The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed … ."). Specifically, the 850 Summit property, from which Shahid claims to have been deprived of his rightful rents due to Possenti's discrimination, has been publicly condemned and adjudged unfit for human occupancy since 2017 due to code violations. *See* Administrative Warrant, Exhibit C to Def. Br., ECF 6. And Shahid is presently subject to an action brought by the state enforcing twenty-six open citations against the 850 Summit property. Thus, even if racial animus could be attributed to Defendants, the facts here would not appear to support an inference that such animus caused Defendants to interfere with tenancy of the property given the condemnation and on-going violations.[3]

Finally, though I am not basing my decision on this point, I note for the record that Plaintiff is a serial litigant who has an extensive history of filing what several courts have determined are frivolous claims, so much so that there are two active orders prohibiting him from filing additional

---

[3] On a similar point, it appears that many of the allegations made by Shahid have already been adjudicated in the abundance of related litigation he has filed over the past decade against the Defendants and their agents. While the allegations involving unit #10, which purportedly took place from October 2021 through the filing of the Complaint in March 2022, Compl. ¶ 4, post-date the complaints in other litigation, with the most recent batch filed in September 2021, the remainder of the allegations in the operative Complaint appear to refer to occurrences covered by previous complaints, *see* Compl. ¶¶ 6-11. Notably, paragraphs 6 and 8 refer to how "Darby Borough manager Mark Possenti removed tenants of other 9 units by police ***before***." (emphasis added). Plaintiff's Response expands on this "before" and claims that Possenti's actions and the related harms took place between January 2014 and March 2022. *See* Response ¶¶ 3-10 and *passim*. As summarized above, most of the seventeen previous complaints filed over the last decade feature allegations where Possenti is either involved in the eviction of Shahid's tenants or the denial of business permits to said tenants. Almost all these cases have been dismissed either on the basis of sovereign immunity or as frivolous litigation. There is no need to delve into whether the doctrine of *res judicata* is applicable here.

related litigation in the Delaware County Court of Common Pleas, one of which he has been sanctioned for violating. Plaintiff is cautioned that as to future filings in federal courts, Rule 11(b) of the Federal Rules of Civil Procedure applies with equal force to *pro se* litigants as well as to lawyers, and that filings in violation of Rule 11(b) risk sanctions.[4]

    B.  <u>Failure to State a Claim against Darby Borough</u>

Defendants also argue that Shahid fails to adequately allege Darby Borough's direct involvement in the discriminatory conduct, with the result that liability cannot as a matter of law be found under § 1983. As an initial matter, to the extent that Plaintiff fails to allege a constitutional deprivation against Possenti as discussed above, Plaintiff's claims against the municipality also fail. *See Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120 (3d Cir. 2003) ("There cannot be an 'award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.'") (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Even if Plaintiff plausibly alleged a constitutional deprivation by Possenti, liability would not follow as to the Borough because a "municipality cannot be held liable under § 1983 on a *respondeat*

---

[4] The text of Rule 11(b) in full:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (citing *Monell*, 436 U.S. at 690). Plaintiff's allegations here are limited to claims that Possenti used his authority as Borough manager to discriminate against Plaintiff.[5] The facts as alleged cannot plausibly support an inference that the Borough itself has an official policy or practice of discrimination, and therefore the Complaint is properly dismissed as to the Borough of Darby.

### IV. Conclusion

Defendants' motion will be granted, and Plaintiff's Complaint will be dismissed.[6] Although Plaintiff is proceeding *pro se*, I am persuaded that dismissal should be with prejudice because of bad faith, undue prejudice to the Defendants given Plaintiff's litigation history, and because I consider amendment to be futile. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 116 (3d Cir.2002).

        /s/ Gerald Austin McHugh
        United States District Judge

---

[5] In his Response, Shahid claims that after he wrote a letter to the Borough president complaining about Possenti that the "discrimination acts of Manager Mark Possenti increased" and the Borough failed to take action. Resp. ¶ 13, ¶ 34ECF 7. He also cites the mayor's involvement in an alleged eviction of five tenants in August 2020. Resp. ¶¶ 36-41. None of these allegations are included in the Complaint and therefore they are not properly before me. I note however that such allegations would still not suffice to assert an actionable custom or policy, particularly when viewed against the substantial materials of public record.

[6] Defendants also argue that the Court should dismiss the case pursuant to the *Younger* abstention doctrine. I do not need to reach that issue here, nor the complex question of whether a proceeding to enforce violations of local ordinances provides an adequate forum to litigate constitutional issues raised in defense.

10